NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**JUL 1 2026**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHERYL A. ALLEN,<br><br>  Plaintiff - Appellant,<br><br>  v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>  Defendant - Appellee. | No. 25-302<br><br>D.C. No.<br>3:24-cv-05200-GJL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted March 12, 2026[**]
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER, District Judge.[***]

Cheryl Allen appeals the district court's order upholding the Commissioner

of Social Security's denial of her application for supplemental security income

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

("SSI") benefits. We review the district court's order de novo and may reverse a denial of benefits only when that decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Allen alleges disability due to mental health challenges and arm pain. The administrative law judge (ALJ) applied the Commissioner's five-step "sequential evaluation process" to determine whether Allen was disabled under the Social Security Act and concluded that she was not. 20 C.F.R. § 416.920(a)(4). On appeal, Allen contests the ALJ's residual functional capacity finding and the ALJ's step-five finding.

1.      <u>The ALJ did not err in discounting Allen's testimony</u>. An ALJ may discredit a claimant's testimony about the severity of her symptoms if the ALJ offers "specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). Those reasons must be supported by substantial evidence, and the ALJ must identify the specific testimony he or she finds not to be credible and explain what evidence undermines that testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

The ALJ sufficiently explained his conclusion. The ALJ acknowledged that although Allen often presented as tearful or sad due to her partner's passing, objective examination findings were generally normal or unremarkable. Contrary

to Allen's claim that her conditions impaired her memory, concentration, and understanding, the ALJ reasonably concluded that Allen's treatment records showed that she was generally "calm," "alert, fully oriented, cooperative, and engaged throughout the sessions" and that, for example, she had no difficulty performing spelling and memorization tasks. The ALJ also reasonably relied on the findings of Dr. Gilbert and Dr. Eisenhauer, who concluded, after reviewing the medical records, that Allen "was capable of maintaining adequate concentration, persistence, and pace." The ALJ sufficiently explained why he concluded that these findings were "consistent with and supported by the medical records and the claimant's demonstrated functioning." The ALJ may weigh inconsistencies in the medical evidence against a claimant's subjective complaints. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective complaints, the ALJ may indeed weigh it as undercutting such testimony." (emphasis in original)).

The ALJ also permissibly concluded that, contrary to Allen's claim that she does "basically nothing," the record showed that Allen attended a reunion, spent time with her niece, attended her daughter's graduation, joined a grief support group, goes to a number of different appointments including chiropractors and massage therapists, works in her garden, managed her legal and financial matters, and was actively involved in negotiating a settlement after an automobile accident.

25-302

*See Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021) (stating that a claimant's "daily activities" may "provide substantial evidence to support the ALJ's decision").

2. <u>The ALJ did not err in discounting or crediting various medical opinions</u>. For claims filed on or after March 27, 2017 (such as Allen's claim here), the ALJ must articulate the persuasiveness of each medical opinion and specifically address whether the opinion is supported and consistent with the record. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)-(c)); *see also* 20 C.F.R. § 416.920c(a)–(c) (establishing comparable rules for SSI cases).

The ALJ found that the medical opinions of Dr. Wingate, Dr. Wheeler, and Ms. Steen conflicted with other medical opinion testimony in the record, and thus properly rejected them for "specific and legitimate reasons" supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ contrasted each medical opinion with the treatment notes showing largely unremarkable objective findings, such as that Allen was frequently calm and engaged throughout sessions and could complete memory and concentration tasks. He then gave specific additional reasons for discounting each opinion. The ALJ did not find Dr. Wingate's opinions persuasive largely because Dr. Wingate substantially relied on self-reporting from Allen. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). The ALJ found Dr. Wheeler's findings unpersuasive because

she did not have access to certain counseling notes. Finally, the ALJ found Ms. Steen's opinion to be unpersuasive because he found that it contained few objective findings and did not point to specific objective medical evidence to support her conclusions. *Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (holding that an ALJ may discount an opinion where the physician does not "reference any objective findings to support the extreme mental functioning limitations she assessed").

The ALJ's reliance on the medical opinions of Dr. Gilbert, Dr. Eisenhauer and PA McLagan is supported by substantial evidence. *Woods*, 32 F.4th at 792. The ALJ found their opinions "persuasive because they are consistent with and supported by the medical records and the claimant's demonstrated functioning." He then compared their findings with the treatment records. The ALJ found Dr. Gilbert's opinion more persuasive than Dr. Eisenhauer's because "he had more records to review at the time of his assessment," but concluded that as compared to other doctors such as Dr. Wingate, both doctors had "far more records to review." These are sufficient reasons.

3. <u>The ALJ did not err in not incorporating Allen's limitations into the residual functional capacity</u>. As an initial matter, these arguments largely repeat Allen's earlier arguments about the ALJ discounting her limitations and thus are unavailing for the reasons discussed above. *Kitchen*, 82 F.4th at 742.

In any event, the ALJ properly concluded that Allen was capable of "medium exertional work activities." He then incorporated certain limitations including "standard work breaks provided; occasional interaction with the public; occasional interaction with co-workers; no tandem or teamwork; and occasional workplace changes." This is sufficient. *See Woods*, 32 F.4th at 794 (concluding that ALJ's assessment of residual functional capacity was sufficient where the ALJ "expressly reflected" certain limitations supported by the record). Additionally, the record belies the assertion that the hypothetical questioning of the vocational expert did not include Allen's limitations. The ALJ expressly asked the expert to consider his opinion in light of Allen's residual functional capacity.

4.      <u>Any error in discounting lay evidence was harmless</u>. Even assuming that it was error for the ALJ to discount the lay testimony of Allen's daughter and a Social Security employee without an articulation of reasons, it was harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). An ALJ's rejection of lay testimony without reason is harmless if "the lay testimony described the same limitations as [the claimant's] own testimony, and the ALJ's reasons for rejecting [the claimant's] testimony apply with equal force to the lay testimony." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

Here, the lay testimony was cumulative of evidence in the record. The Social Security employee's testimony addressed Allen's alleged memory issues and

sadness, which Allen similarly complained of. Allen's daughter's report largely mirrors her own report.

**AFFIRMED.**